UNITED STATES MIDDLE DISTRICT COURT OF PENNSYLVANIA

adolph wright and on behalf of Tamazight
Temple University as Trustee and Deed Holder   :   No. 3: 22 cv 2079
and beneficiaries of trust past and present
                                                    Civil Equity
                                                    Jury Trial Demanded
                    V

Elite Revenue Solutions, LLC and employees
and agents including David Keller and Joseph
Plummer

Luzerne County Tax Claim Bureau

Luzerne County Solicitor

Luzerne County Council and members individually
Tim McGinley, Lee Ann McDermott, Kendra Radle
Including David Pedri, Esq, Perry, Saidman and Schnee
Samuel Falcone, Jr. Esq.
Joan Hoggarth; James L. Haddock

FILED
SCRANTON

DEC 3 0 2022

PER _____
        DEPUTY CLERK

## COMPLAINT

And now comes, adolph wright, upon the urging of my nephew, in accordance with any and all
rules applicable to the properties designated in Luzerne County at Pin : 09 N5 00A 008 000 and
09 N5 00A 08A 000 owned initially by William T. Wright (with assistance through the initial
years including Dr. Stan Hamilton and William Wright) to aver with my signature hereon as
follows with the ensuing verified facts to the best of my knowledge, information, education and
belief serving all c/o Luzerne County Courthouse to disseminate copies accordingly:

1. I am most if not all beneficiaries concede jurisdiction in this federal forum (knowing that it
will likely take at least one appeal according to my nephew who maintains that Centre County
took and justified taking custody of his sons Stan (because he wanted to live with his dad as both
he and his brother wanted to live with their dad some 40 years prior when they were locked in a
detention home) and Lance (by police action taking unauthorized photographs and making a
minor states evidence to file a wholly contrived felony charge against him/me with no change to
the taking of person and property not unlike that which happens across the nation to a greater
degree with Black people).[1]  The valuable property is in Luzerne County as indicated in a
removal action precipitating this complaint.  This Honorable Court has jurisdiction due to the
civil rights violations unfolding in much the way they have in cases involving the Black men and

---

[1] I/my nephew complain about the way Donald Gampe of Centre County is able to locate any judge assigned in the
Commonwealth and place an order that overturns a prior order to take money from the National Football League
pension leaving virtually no recourse even though the prior judge's ruling had withstood appeal indicating no
pension and no alimony.  The Commonwealth is going to get money as indicated in a ruling about the dominant
purpose of the Pennsylvania Real Estate Tax Sale Law.

young mentioned thus far as the family all has Black blood begetting the reference to ni**er hill in the 70s when the property first came into existence. See *Just to Show He Cares*, Sports Illustrated December 1985.

2. The federal statutes have been laid out in attachments to this and most recently in the preamble to the filing in the Pennsylvania Supreme Court. See attached. All giving federal question jurisdiction to this Honorable Court as the defendants represent state actors pursuant to contract having undertaken the primary duty of a tax claim bureau with its own counsel. This matter will likely require amendments to this complaint to fit the criteria laid out by precedence of prior cases going all the way back to our heritage being 3/5ths of a human/person and a Black man having no rights that a white man need respect. See <u>Dred Scott v. Sanford</u>, citation omitted, and also see *Black Robes, White Justice* by Bruce Wright 1977 (whether in criminal or civil arena the treatment of Blacks differs resulting in unequal justice-see also. <u>This citation, the Final Report of the Pennsylvania Supreme Court Committee on Racial and Gender Bias in the Justice System from over 20 years ago, and footnote is to ask kindly and respectfully to see that much of this same thought prevails today throughout our America and do something different</u>. See not only current events but also see <u>*Bakke*</u>, dissenting opinion Justice Marshall 1977,[2] (<u>Plessy v. Ferguson</u>, 163 U.S. 537 (1896) citing Justice Harlon's dissenting opinion quoting "that colored citizens are so inferior and degraded that they cannot be allowed to sit in public coaches occupied by white citizens."

---

[2] The Court began by interpreting the Civil War Amendments in a manner that sharply curtailed their substantive protections. See, *e. g., Slaughter-House Cases, supra; United States v. Reese,* 92 U.S. 214 (1876); *United States v. Cruikshank,* 92 U.S. 542, (1876). Then in the notorious *Civil Rights Cases,* 109 U.S. 3 (1883), the Court strangled Congress' efforts to use its power to promote racial equality. In those cases, the Court invalidated sections of the Civil Rights Act of 1875 that made it a crime to deny equal access to "inns, public conveyances, theatres and other places of public amusement." *Id.*, at 10, 3 S.Ct., at 20. According to the Court, the Fourteenth Amendment gave Congress the power to proscribe only discriminatory action by the State." Citations omitted but nearly 150 years later we have a state action of contracting with a private entities/person to deny civil rights to a Black family with the help of the Court (**saying 'notice or not; Black family living or owning the valuable property on ni**er hill; you are not entitled to the file or a hearing with witnesses-having the audacity to seek tax exempt status (like having Nanticoke stadium bear the name 'Hamilton'), you can only petition to set aside the tax sale because the purpose of the statute is to get the money to the Commonwealth and allow us to take eminent domain of property for development and more tax base income and we are going to do it with private actors by oral and written contracts and there will be no check or balance just like all the years that kids were taken for cash to include a member of your family**- which even the Juvenile Law Center out of Philadelphia could not stop and it took a federal investigation to expose-see the experience of Thomas <u>Greco</u> to include his Civil Rights law suit (having to go to the Third Circuit 3-11-cv-00617 like when seeking to place my son into a group home with juvenile delinquents which can be incorporated here as well as <u>Green v. Manross</u>, 18-289 (Western District 2019)).

3. Defendants may need to be added as this is a conspiracy with the basis being a Black family has the audacity to seek tax exempt status and challenge the right to own property that is likely worth considerably over 1 million dollars. Similarly, in order to navigate the 'narrow and ingenious interpretation' (observation of C. Vann Woodward) of decisions, this submission will need an amendment.

4. In summary, the defendants have all had a role whether as state actors or private persons contracted to act as state actors some taking oaths and others declaring no oath of office in depriving this Black family of due process and equal protection violating the United States Constitution and its Amendments including the First Amendment (belonging to Tazamight Temple University as minister, settlor, beneficiary, and owner-occupier of property), Fourteenth Amendment (a purported right recognized in 1956 by the Pennsylvania Supreme Court as cited in a recent opinion but with a purpose of 'getting money' and as one judge indicated from the bench keeping actors who try to bankrupt the county out).

5. Each defendant listed above and likely more, have had a viable role in depriving this family of its property as the process is completed according to the most recent filing indicating action to take the property by a tax sale absolute. Only sworn testimony from each defendant by deposition one at a time, will reveal the scheme (in much the way it is believed that 61 public officials had some role in what is known as the 'kids for cash' scandal that endured for years before the insurance industry got an investigation accomplished to uncover the payments – as an attorney who had taken an oath, I feel responsible especially since it involved a relative/cousin that I did not do more earlier, hence, this action because I am able to see the taking and the deprivation of Constitutional rights requiring punitive damages from an equity standpoint and it starts with "by ordinance" wording of 72 P.S. 5860.201.1 and the contract with Elite Revenue Solutions, LLC by resolution (and the likely narrow and ingenious interpretation permitting the entity to act as state actors performing state action with a solicitor and purported acting solicitor who is paid exclusively by the private contractor is taking shape to prevail). The depositions need to start with the four "no" votes and the one abstention.

6. As third-party beneficiaries of the contract, there should be punitive damages for breach of contract in failing to undertake any of the specified actions to ascertain ownership to provide the very basic notice and therefore due process.

Wherefore I/we respectfully request subpoenas for deposition testimony before a court reporter about the role each defendant had or the involvement of federal officials to question each actor for discovery purposes and an order requesting responsive pleading respecting sworn statements of the actions to provide notice in accordance with law and provide due process with ultimately a grant of punitive damages for the resulting failures as determined by a jury.

_____

adolph wright (the man)
c/o 300 "South Main Street #1804, Wilkes-Barre, PA 18702
_____X (electronically signed H I308_____
H Living on the Land and best to call 9739519091
c/o adolph wright 300 South Main #1804, Wilkes-Barre, Pa. 18702

UNITED STATES MIDDLE DISTRICT COURT OF PENNSYLVANIA

adolph wright and on behalf of Tamazight
Temple University as Trustee and Deed Holder          :          No.
 and beneficiaries of trust past and present                              Civil Equity
                                                                                              Jury Trial Demanded

                            V

Elite Revenue Solutions, LLC and employees
and agents including David Keller and Joseph
Plummer

Luzerne County Tax Claim Bureau

Luzerne County Solicitor

Luzerne County Council and members individually
Tim McGinley, Lee Ann McDermott, Kendra Radle
Including David Pedri, Esq, Perry, Saidman and Schnee
Samuel Falcone, Jr. Esq.
Joan Hoggarth; James L. Haddock

## AFFIDAVIT

I, Thomas Wright, brother of adolph wright, contend that since I was contacted by David Kellar
after the sale, I should have been contacted before the sale to ensure whatever steps necessary
were taken to ensure the property stays in the family.

Further affiant sayeth naught at this time.

                                                        _Thomas Wright_                    12-30-22
                                                        Thomas Wright

Walter Griffith Jr.
County Controller
20 N. Pennsylvania Ave Wilkes-Barre, PA 18711
Walter.Griffith@luzernecounty.org

Randy Robertson
Luzerne County Manager
20 N. Pennsylvania Ave Wilkes-Barre, PA 18711
County.Manager@luzernecounty.org

Nancy DeFluri
Auditor II
20 N. Pennsylvania Ave Wilkes-Barre, PA 18711
Nancy.DeFluri@luzernecounty.org

Laura Beers
Treasure's Office
20 N. Pennsylvania Ave Wilkes-Barre, PA 18711
Laura.Beers@luzernecounty.org

Dear Sir and or Madam,

Please receive my request under FOIA 5 U.S.C. 552, 31 CFR 1 et seq., and 26 CFR 601.702 et seq. I am requesting copies of records created or possessed by the Luzerne County and or your office.

This is my firm promise to pay charges up to $50.00, and I hereby waive my right to inspect such records prior to copying. I certify that I am in the "other requestor" category, as defined in 26 CFR 601.702 (f) (3) (E).

If portions of this request are exempt from release, please furnish me with those portions reasonably segregable and please furnish me with an index identifying each record, describing in detail each segregation or redaction, and define the statutory basis for such action. Re: Vaughn v. Rosen, 484 F. 2d 820 (Ca DC, 1973), cert. Denied 415 U.S. 977 (1974).

If your office does not maintain the records requested, please forward a copy of this letter to the proper office and notify me of the person to contact at that office.

As provided by 5 U.S.C. 552, I will expect a reply within twenty (10) calendar days after your receipt of this request.

Document (s) Requested

The current contract between Luzerne County and Elite Revenue Solution llc of the Luzerne County Tax Claim Bureau. and or it previous contract. If the contract period is for a year then I require both the current and prior contracts. If the current contract period is for four years or more then I only require the current contract.

I understand the penalties provided on 5 U.S.C. 552a (1)(3) for requesting or obtaining records under false pretense. Thank you for your timely response.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct. Executed on Sunday November 20th, 2022

Sincerely,

Adolph-Richard-Ott: Wright. ©tm
autograph
c/o 300 South Main Street # 1804
Wilkes-Barre, Pennsylvania, [18702]
Email: _____

Notice to Principal is Notice to Agent as is Notice to Agent is Notice to Principal



**AGENDA SUBMITTAL TO LUZERNE COUNTY COUNCIL**

| ITEM TITLE<br>A Resolution by the Luzerne County Council approving a contract with Elite Revenue Services, LLC for the collection of Delinquent Real Estate Tax Services. | COUNCIL MEETING DATE<br>March 10, 2020 | AGENDA NUMBER |
|---|---|---|
| **Dept:** Budget and Financial Services<br>**Contact:** Brian Swetz<br>**Phone:** 570-825-1545 | | |

## DEPARTMENTAL RECOMMENDATION:

Approve a Resolution authorizing the County Manager to execute a contract with Elite Revenue Solutions, LLC for the collecting of Delinquent Real Estate Taxes and related services.

## SUMMARY:

The County of Luzerne has used Northeast Revenue Services, LLC to collect delinquent taxes since May 5, 2010. A contract with Northeast Revenue Services, LLC from June 11, 2014 to December 31, 2017 was approved by County Council. This contract included two one year extensions which were utilized. The last extension expired on December 31, 2019.

Due to the County Council "lame duck" status after the November 2019 election, a contract extension was signed on December 19, 2019 thru June 30, 2020. This was done to give the new Council the opportunity to vote on the new contract.

County Administration appointed a 5 member committee which included four internal members and one external member to review the Collection of Delinquent Real Estate Taxes RFP. Four proposals were received. The committee agreed to interview the top three proposals. These interviews were conducted on July 23, 2019.

The committee unamiously recommended Northeast Revenue Services, LLC to be awarded the Delinquent Real Esate Taxes RFP.

Since that time, Northeast Revenue Services, LLC has changed its structure and as a successor entity formed Elite Revenue Solutions, LLC. Elite Revenue Solutions, LLC is the successor in interest.

This term of the contract would be from April 1, 2020 to December 31, 2022 with two one-year extensions available.

## FINANCING:

None. Per the proposed contract, Elite Revenue Solutions, LLC will collect for the County at no cost.

**DISCUSSION:**

The County had a contract since May 5, 2010 with Northeast Revenue Services, LLC to collect delinquent taxes.    County Administration recommends entering into a contract with Elite Revenue Solutions, LLC the successor in interest to Northeast Revenue Services, LLC.

**ALTERNATIVES:**

The County would need to re-post the RFP since the alternative proposals discussed adding or changing ordinances to the Home Rule Charter.  The alternative vendors that responded to the RFP rely heavily on call centers that are out of the area and add additional fees to the indebted taxpayers.

## RESOLUTION R-2020-____
## LUZERNE COUNTY COUNCIL

**A Resolution by the Luzerne County Council Approving a Contract with Elite Revenue Solutions, LLC for the Collection of Delinquent Real Estate Tax Services.**

WHEREAS, Luzerne County is authorized by the Real Estate Tax Sale Law, 72 P.S. 5860.101 (RETSL), and the Municipal Tax Claims Lien Act, 53 P.S. 7101 (MTCLA) to receive and collect delinquent property taxes; and

WHEREAS, the RETSL and MTCLA provide for Counties to appoint and compensate agents for the collection and distribution of taxes, in lieu of or in addition to creating a bureau; and

WHEREAS, Luzerne County has determined that the operation of a tax claim bureau has been enhanced by privatization; and

WHEREAS, Luzerne County advertised a request for proposals to pursue the collections of delinquent property taxes though a private entity; and

WHEREAS, Northeast Revenue Services, LLC submitted a Proposal with for the collection of real estate taxes; and

WHEREAS, after the submission of a proposal for the collection of delinquent taxes by Northeast Revenue Services, LLC highlighting their developed unique expertise and experience in the collection of delinquent accounts and taxes, Luzerne County desires said expert assistance; and

WHEREAS, Elite Revenue Solutions, LLC is the successor in interest of Northeast Revenue Services, LLC;

NOW, THEREFORE, BE IT RESOLVED, the Luzerne County Council approves the contract with Elite Revenue Solutions, LLC for the collection of delinquent real estate taxes and related services, as outlined in the detailed contract which is incorporated herein by reference, for the term of April 1, 2020 through December 31, 2022 with the option of two (2) one (1) year extensions.

This resolution shall become effective six days after adoption.

ADOPTED at a meeting of the Luzerne County Council held _____ __, 2020.

## LUZERNE COUNTY COUNCIL

ROLL CALL VOTE:
AYES-
NAYS-


By:_____
Tim McGinley, Chair


Attest:_____
Sharon Lawrence, Clerk of Council


_____
C. David Pedri, Esquire
County Manager

## CONTRACT FOR THE COLLECTION OF DELINQUENT REAL ESTATE TAXES AND RELATED SERVICES FOR LUZERNE COUNTY, PENNSYLVANIA

This Agreement made this _____ day of _____, _____, by and between Elite Revenue Solutions, LLC, a Pennsylvania limited liability company with its principal place of business located at 1170 Highway 315, suite 5, Plains PA 18702, Luzerne County, Pennsylvania (hereinafter referred to as "Elite Revenue Solutions") and Luzerne County, with its principal place of business located at 200 North River Street. Wilkes-Barre, Luzerne County, Pennsylvania 18711.

WHEREAS, Luzerne County is authorized by the Real Estate Tax Sale Law. 72 P.S. §5860.101 et seq. (hereinafter referred to as "RETSL"), and the Municipal *Tax* Claims Lien Act, 53 P.S. § 7101 et seq. (hereinafter referred to as "MTCLA") to receive and collect delinquent property taxes and give proper receipt thereof when payment is offered and to make distribution of monies received as provided for in the Act;

WHEREAS, RETSL and MTCLA provide for, in lieu of or in addition to creating a bureau, Counties are authorized to provide by ordinance for the appointment and compensation of such agents, clerks, collectors, and other assistants and employees, either under existing departments, in private sector entities, or otherwise as may be deemed necessary for the collection and distribution of taxes under these Acts.

WHEREAS, Luzerne County has determined that the operation of a tax claim bureau may be enhanced by privatization;

WHEREAS, Luzerne County has determined that the operation of a tax claim bureau may be enhanced by privatization;

WHEREAS, Northeast Revenue developed unique expertise and experience in the

1

collection of delinquent accounts and taxes;

WHEREAS, in response to a recent Request for Proposals, Northeast Revenue Services, LLC submitted a Proposal for the collection of delinquent real estate taxes and related services; and

WHEREAS, Elite Revenue Solutions, LLC is the successor in interest to Northeast Revenue, LLC; and

WHEREAS, Luzerne County desires to contract for expert assistance in the collection of delinquent taxes pursuant to RETSL and MTCLA.

NOW, THEREFORE, in consideration of the mutual promises and of the mutual agreement herein contained and intending to be legally bound hereby, Luzerne County and Elite Revenue Solutions, LLC agree as follows.

1.    <u>Collection of Delinquent Taxes</u>. Luzerne County agrees to retain and employ Elite Revenue Solutions and Elite Revenue Solutions agrees to serve Luzerne County upon the terms and conditions herein set forth herein.

2.    <u>Duties</u>. Elite Revenue Solutions shall perform all of the functions of and act as the County Tax Claim Bureau under the RETSL and MTCLA for Luzerne County. Elite Revenue Solutions shall act in the best interests of Luzerne County giving due consideration to customary and usual standards of prudent Tax Claim Bureau practices. This requirement places a duty on Elite Revenue Solutions to make a reasonable determination which statute will provide Luzerne County with the maximum chance of recovery for a given tax claim. Elite Revenue Solutions shall act at all times in accordance with the RETSL and/ or MTCLA and the Luzerne County Local Rules of Civil Procedure. Elite Revenue Solutions shall comply with all RETSL and MTCLA notice requirements including mailing certified

2

mailing, posting and publication required up to the discharge of the Tax Claim or sale of the property the costs, fees and expenses of which are fully borne by the property owner or County as applicable. When operating the Tax Claim Bureau the duties of Elite Revenue Solutions shall include the following:

a)  Elite Revenue Solutions shall perform all reasonable and statutorily required Tax Claim Bureau duties pertaining to, *inter alia,* the Upset Sale, Private Sale, Judicial Sale process and Repository sales.

b)  Elite Revenue Solutions shall work in cooperation with all County Departments.

c)  Elite Revenue Solutions shall maintain lines of communication with the County to keep up performance goals.

d)  Elite Revenue Solutions shall retain its own legal counsel with the approval of the county solicitor to provide legal advice as to compliance with laws regulating the manner, extent, Methods, and practices of debt collection in Pennsylvania at no additional cost to the County.

e)  Elite Revenue Solutions shall promptly notify the County solicitor in writing of any event, circumstance, or occurrence of which it has actual knowledge that may, in the reasonable opinion of Elite Revenue Solutions, materially adversely affect: (i) the terms of any Tax Claim, including any legal challenges filed in any judicial or administrative proceeding (whether in a foreclosure or bankruptcy proceeding or otherwise) to the amount, the enforceability, or the priority of any Tax Claim; (ii) the Property related to such Tax Claim; or (iii) the ability of Elite Revenue Solutions to service any Tax Claim or to otherwise perform and carry out its duties, responsibilities and obligations.

3

f) Pursuant to RETSL and MTCLA, the County Solicitor is legal advisor and counsel to the Tax Claim Bureau. Under these laws, the Solicitor may appoint such assistant solicitors at such salaries as shall be allowed by the County Manager. In light of the privatization of the Tax Claim Bureau functions, Elite Revenue Solutions will designate and compensate its own legal counsel for Tax Claim purposes. Elite Revenue Solutions' in house counsel shall be exclusively responsible to ensure Elite Revenue Solutions' compliance with RETSL and MTCLA. Any and all actions required to collect the real estate taxes from the initial receipt of land returns, through litigation the tax sale notification process, the tax sale process, and any and all post sale litigation and appeals, including but not limited to bankruptcy and Adversary proceedings shall be undertaken exclusively by the in house legal counsel for Elite Revenue Solutions. There shall be no additional cost to the County for any such representation.

g) In the event a petition in bankruptcy is filed affecting any property, property owner, or tax claim, Elite Revenue Solutions shall immediately cease collection efforts (other than through the Bankruptcy Courts or other applicable proceedings), and Elite Revenue Solutions shall have the obligation of notifying County upon receipt of a notice of bankruptcy. Elite Revenue Solutions shall file or cause to be filed a proof of claim ("POC") for all amounts outstanding under the related Tax Claim listing the County as a creditor, and Elite Revenue Solutions shall exclusively handle all bankruptcy proceedings, including, *inter alia,* all Adversary Proceedings.

h) To the extent required by RETSL and/ or MTCLA, Elite Revenue Solutions shall be under obligation to pursue any deficiency judgment or to bring any collection action against any assets of the property owner other than the Property.

4

i) Elite Revenue Solutions shall collect, on behalf of the County, the outstanding tax balances with respect to the Tax Claims on the Tax Claim Schedule, RETSL Expenses and any associated Servicing Expenses, MTCLA Expenses and any costs and fees, all in full compliance with all applicable Federal, State and local laws, including RETSL and MTCLJ and all such other laws relative to debt collection activities. Collection attempts shall include and not be limited to telephone calls, collection letters, skip tracing and such other efforts as Elite Revenue Solutions in its discretion, believes will result in a cost effective collection. Further, and in accordance with the RETSL and/or MTCLA, Elite Revenue Solutions shall engage in "alternative notification efforts" as set forth, including but not limited to internet searches, postal searches, phone book searches, and any other reasonable means of ascertaining the location of delinquent tax payers. Elite Revenue Solutions shall maintain a log of its additional efforts for notification purposes. In carrying out its obligations, Elite Revenue Solutions shall act in a responsible business-like manner and in accordance with (i) good and accepted commercial practice; (ii) good faith with commercially reasonable conduct; and, (iii) all applicable laws and regulations governing the collection of debt, including, but not limited to, RETSL. Elite Revenue Solutions shall interact with property owners in a courteous and professional manner and shall treat all property owners consistently and without favoritism,

j)    Elite Revenue Solutions shall prepare and disseminate dunning letters to the owners of record of the identified properties with delinquent taxes due and outstanding in the County, ensuring that such preparation and dissemination is in full compliance with all applicable Federal, State and local laws, including RETSL and MTCLA, and, without limitation, such laws relative to debt collection activities and notice requirements for seizure and sale or property by County in satisfaction of delinquent taxes, if necessary,

5

k)   If necessary, Elite Revenue Solutions shall make appropriate and lawful follow-up calls in coordination with the dissemination of dunning letters to the owners of record of the identified properties with delinquent ad valorem taxes due and outstanding, ensuring that such preparation and dissemination is in full compliance with all applicable Federal, State, and local laws, including RETSL and MTCLA, and  including, without limitation, such laws relative to debt collection activities,

l)   Elite Revenue Solutions shall maintain complete and accurate records of all correspondence, telephone calls and/or other communications relative to the services provided to the County, subject to inspection by the County during normal business hours.

m)   Elite Revenue Solutions shall provide County with a monthly report in a form acceptable to the County, of the following: (i) satisfaction statistics on the outstanding Tax Claims and Properties in the Repository which will be broken down by parcel number, jurisdiction and amount; (ii) Service Fees and Servicing Expenses; and, (iii) outstanding litigation update. Each monthly report shall also include a quantitative and qualitative analysis of the month's and year-to-date activity, including, without limitation, the percentage of resolved delinquencies, projected collections for the next month, and actual collections for the reported month.

n)   Elite Revenue Solutions shall provide the County at no additional cost with on-site training related to the County's involvement in the collection process.

o)   County shall provide, in electronic format and certify to Elite Revenue Solutions all tax information in its possession or the possession of the current Service Provider relating to Tax Claims, on or prior to the commencement date of this Agreement.

p)   County shall provide on or prior to the commencement date of this Agreement

6

and of the servicer the most recent full copy of the Tax Claim Program used to store and maintains the data, tables. queries, forms, reports, template, macros, modules and code that relate to the daily operations and reporting requirements of the County's Document Service Providers activities with administrative read, write, and execute permission on that copy, including the most recent full copy of any auxiliary or backend databases, system references, and procedures linked in the referenced access program or the means by which to directly access elements (the "data").

q)   As of the commencement of this Agreement, Luzerne County will not be required to advance any additional funding for the Tax Claim Bureau including, but not limited to, salaries, expenses, costs of the sale, notification costs, constable costs, service costs or any cost of any other nature.

r)   Elite Revenue Solutions shall consult with the County and local tax collectors in order to establish timelines and protocols. Specifically, Elite Revenue Solutions shall work with local tax collectors to ensure that delinquent accounts are returned on a timely basis in order for the delinquent notices to be issued on or before March 1st

s)   Elite Revenue Solutions will keep two payment centers - one in the City of Hazleton and another located at the Luzerne County Courthouse. Those payment centers will both remain open during the duration of the Agreement.

t)   Elite Revenue Solutions shall provide the Sheriff's Office with three printers to aid in its duties under this Agreement.

3.   Term. The contract term is from April 1, 2020 through December 31, 2022.  It is the intention of the parties that this contract shall have the option of two (2) one (1) year extensions available to the parties. In the event the County wishes to exercise its option to extend the contract, it shall, no less than ninety (90) days prior to termination of the then-current term,

7

provide Elite Revenue Solutions with written notice of its desire to extend the contract. The parties reserve the right to add additional extensions to this contract upon written agreement by the parties.

4.    <u>Certification Regarding Criminal Matters.</u> Elite Revenue Solutions certifies after reasonable inquiry and to the best of its knowledge, information, and belief that none of its current owners, officers, employees, and/or subcontractors have been or expect to be arrested, charged, indicted, and/or have received or expect to receive "target of investigation" letters by/from any law enforcement agency of the federal, state or local government; Further, Elite Revenue Solutions agrees to immediately notify County if, during the term of this agreement, it, or any of its owners, officers, employees, or subcontractors is arrested, charged, indicted, and/or receives a "target of investigation" letter or any other notification that it/he/she/they are the subject of an investigation by law enforcement.  Upon any of the circumstances listed in this section, this Agreement shall be subject to immediate termination at the option of County and Elite Revenue Solutions shall: 1) return all data to County in a usable format as directed by County; and, 2) reimburse County for all expenses related to its need to secure an alternate vendor for the services herein provided.

5.    <u>Relationship of Parties.</u> Elite Revenue Solutions shall perform its services under this Agreement as an independent contractor. Elite Revenue Solutions represents and warrants that it stands as an independent contractor in relation to Luzerne County and that it is not a partner, officer, agent, servant or employee of Luzerne County. Elite Revenue Solutions further represents and warrants that it shall assume all obligations and duties of an independent contractor and that it shall hold Luzerne County harmless from all liabilities, actions, suits, audits, assessments, or other claims made by or brought by any person, corporation, tax authority,

8

governmental agency, or entity and from reasonable attorneys' fees and costs in defending against the same.

    6.   <u>Compensation.</u>

        a)   Under RETSL, Elite Revenue Solutions and Luzerne County shall share the statutory commission in the amount of five (5%) percent as follows:

            1. Elite Revenue Solutions shall retain the statutory commission of five (5%) percent levied on municipal and school taxes.

            2. Luzerne County shall be paid the statutory commission in the amount of five (5%) percent which is levied on Luzerne County taxes.

        b)   Under MTCLA, Elite Revenue Solutions will be authorized to charge delinquent taxpayers a fee in the amount of Thirty ($30) Dollars for the preparation and filing of each municipal lien. In addition. North Revenue will remit to Luzerne County a fee in the amount of five (5) percent of the delinquent taxes which represent the cost of collection under the MCTLA.

        c)   Elite Revenue Solutions shall contemporaneously herewith enter into a Lease Agreement with Luzerne County whereby it shall pay Luzerne County for rental of the Tax Claim Office located in the Luzerne County Courthouse. Said Lease will contain a Confession of Judgment clause in favor of Luzerne County.

        d)   In addition to the five (5%) percent commission and the reimbursement for expenses as provided in RETSL, Elite Revenue Solutions will also be permitted to retain monies received for charges as permitted by the RETSL.

        e)   Elite Revenue Solutions shall pay the County of Luzerne for all service fees, filing fees or other similar fees levied in performance of this contract. In the event this agreement

9

terminates for any reason, or, if after the expiration of the term of the Agreement, Elite Revenue Solutions does not enter into a new agreement with Luzerne County, Luzerne County shall reimburse Elite Revenue Solutions for all reasonable, outstanding, and demonstrable costs advanced by Elite Revenue Solutions for which it has not been reimbursed by taxpayers. These costs include but are not limited to service and filing fees expended by Elite Revenue Solutions which are not yet recouped at the time of termination.

(f)  In the event this agreement terminates for any reason, or if, after the expiration of the term of the Agreement, Elite Revenue Solutions does not enter into a new agreement with Luzerne County, Elite Revenue Solutions shall provide to the County all data in a usable, electronic format as designated by the County within twenty (20) days.

7.     Distribution of Monies. Elite Revenue Solutions shall direct all principal and interest and sums in payment and discharge of tax claim monies collected pursuant to this Agreement on behalf of Luzerne County be paid to the County's "Deposit Account" on a bi-weekly basis. All other monies received shall be distributed pursuant to RETSL. 72 PS. §5860.205 and/ or MTCLA, 53 P.S. §§7102-05.

8.     Employees. Elite Revenue Solutions shall retain a minimum of five (5) employees at the Wilkes-Barre Office and a minimum of one (1) employee at the Hazleton Office and shall pay all costs associated with the compensation of those employees.

9.     Insurance. Elite Revenue Solutions, throughout the term of this Agreement, shall maintain the following kinds of insurance covering the operations of the Tax Claim Bureau:

a)     professional liability insurance of not less than $2,000,000.00;

b)     comprehensive general liability insurance (including "civil rights" coverage) of not less than $2.000.000.00 for personal injury and/or economic injury;

10

c) property damage insurance of not less than $2.000,000.00;

d) errors and omissions insurance of not less than $2.000.000.00;

e) workers' compensation insurance of required amounts; and,

f) an excess/umbrella policy of $2,000,000.00.

Luzerne County and the Luzerne County Tax Claims Bureau shall be named as "Additional Insureds" under all such policies of insurance. The policies of insurance shall be submitted to Luzerne County for review and approval.

10. <u>Indemnification</u>. Elite Revenue Solutions shall indemnify and hold harmless Luzerne County and Luzerne County Tax Claim Bureau for any and all attorneys' fees. judgments, costs. and expenses. in conjunction with any claim or litigation arising from any issue related to the Tax Claim Bureau's functions which have been assumed by Elite Revenue Solutions.

11. <u>Request for Proposal</u>. Elite Revenue Solutions intends to meet all obligations under the RFP. All terms of the RFP are expressly recognized and incorporated herein by reference. The RFP has been attached as "Exhibit A".

12. <u>Entire Agreement.</u> This Agreement contains the entire agreement between the parties and there are no other terms, obligations, covenants, representations, statements or conditions, oral or otherwise, of any kind or nature whatsoever. This Agreement may not be amended and no condition, covenant or obligation may be waived, except by an agreement in writing signed by Elite Revenue Solutions and Luzerne County.

13. <u>Heading</u>. Headings in this Agreement are for convenience only and are not to be used for interpreting or construing any provision hereof.

11

terminates for any reason, or, if after the expiration of the term of the Agreement, Elite Revenue Solutions does not enter into a new agreement with Luzerne County, Luzerne County shall reimburse Elite Revenue Solutions for all reasonable, outstanding, and demonstrable costs advanced by Elite Revenue Solutions for which it has not been reimbursed by taxpayers. These costs include but are not limited to service and filing fees expended by Elite Revenue Solutions which are not yet recouped at the time of termination.

(f)    In the event this agreement terminates for any reason, or if, after the expiration of the term of the Agreement, Elite Revenue Solutions does not enter into a new agreement with Luzerne County, Elite Revenue Solutions shall provide to the County all data in a usable, electronic format as designated by the County within twenty (20) days.

7.    Distribution of Monies. Elite Revenue Solutions shall direct all principal and interest and sums in payment and discharge of tax claim monies collected pursuant to this Agreement on behalf of Luzerne County be paid to the County's "Deposit Account" on a bi-weekly basis. All other monies received shall be distributed pursuant to RETSL. 72 PS. §5860.205 and/ or MTCLA. 53 P.S. §§7102-05.

8.    Employees. Elite Revenue Solutions shall retain a minimum of five (5) employees at the Wilkes-Barre Office and a minimum of one (1) employee at the Hazleton Office and shall pay all costs associated with the compensation of those employees.

9.    Insurance. Elite Revenue Solutions, throughout the term of this Agreement, shall maintain the following kinds of insurance covering the operations of the Tax Claim Bureau:

a)    professional liability insurance of not less than $2,000,000.00;

b)    comprehensive general liability insurance (including "civil rights" coverage) of not less than $2,000,000.00 for personal injury and/or economic injury;

10

14.     Governing Law. This Agreement shall be construed in accordance with and governed by the laws of the Commonwealth of Pennsylvania and venue shall be in Luzerne County Court of Common Pleas.

14     Counterparts. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals the day and year first above written.

WITNESS:                                    Elite Revenue Solutions Services, LLC


_____          _____

WITNESS:                                    Luzerne County


_____          _____


APPROVED BY LUZERNE COUNTY COUNCIL VIA RESOLUTION ON

12

### RESOLUTION R-2020-56
### LUZERNE COUNTY COUNCIL

*A Resolution by the Luzerne County Council Approving a Contract with Elite Revenue Solutions, LLC for the Collection of Delinquent Real Estate Tax Services*

WHEREAS, Luzerne County is authorized by the Real Estate Tax Sale Law, 72 P.S. 5860.101 (RETSL), and the Municipal Tax Claims Lien Act, 53 P.S. 7101 (MTCLA) to receive and collect delinquent property taxes; and

WHEREAS, the RETSL and MTCLA provide for Counties to appoint and compensate agents for the collection and distribution of taxes, in lieu of or in addition to creating a bureau; and

WHEREAS, Luzerne County has determined that the operation of a tax claim bureau has been enhanced by privatization; and

WHEREAS, Luzerne County advertised a request for proposals to pursue the collections of delinquent property taxes though a private entity; and

WHEREAS, Northeast Revenue Services, LLC submitted a Proposal with for the collection of real estate taxes; and

WHEREAS, after the submission of a proposal for the collection of delinquent taxes by Northeast Revenue Services, LLC highlighting their developed unique expertise and experience in the collection of delinquent accounts and taxes, Luzerne County desires said expert assistance; and

WHEREAS, Elite Revenue Solutions, LLC is the successor in interest of Northeast Revenue Services, LLC;

NOW, THEREFORE, BE IT RESOLVED, the Luzerne County Council approves the contract with Elite Revenue Solutions, LLC for the collection of delinquent real estate taxes and related services, as outlined in the detailed contract which is incorporated herein by reference, for the term of April 1, 2020 through December 31, 2022 with the option of two (2) one (1) year extensions.

This resolution shall become effective six days after adoption.

ADOPTED at a meeting of the Luzerne County Council held April 21, 2020.

ROLL CALL VOTE (6-4) with (1) Abstention
YES: McDermott, McGinley, Perry, Radle, Saidman and Schnee
NO:  Griffith, Haas, Houck and Vough
ABSTAINED: SJUrban

Attest:
Sharon Lawrence, Clerk of Council

LUZERNE COUNTY COUNCIL
By: Tim McGinley, Chair

LUZERNE COUNTY MANAGER
By: C. David Pedri, Esq., County Manager